Alex Joseph **LIVING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44273.

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Thomas D. Prichard, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

.OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault. Trial was before the court without the intervention of a jury. Punishment was assessed at 25 years.

Harry Matthia, a taxi driver for J & L Cab Company, testified that on January 18, 1970, he was called to the home of the appellant in Houston. Appellant and two other persons entered the cab and directed Matthia to drive them to the home of appellant's sister. After being diretced to several winding back streets, he was told by appellant to pull over, and appellant said: "This is it." He asked the appellant if he was kidding, and appellant replied "No, man, I want all your money, and I mean all of it." Appellant was holding a "Saturday night special" (.22 caliber pistol) on him. Appellant and his two companions took his money and threatened to shoot him, whereupon he broke and ran across the street to a house where he asked the occupant to call the police. He stated that he was in fear of his life when appellant pointed the gun at him and threatened to shoot him.

Matthia testified, further, that he did not know appellant personally but had driven him and his parents to the grocery store and back home about a dozen or so times in the past year. He stated that after the robbery he returned to the residence three times and on the third occasion he saw appellant. Appellant broke and ran on this occasion.

The evidence is sufficient to support the judgment.

State's Exhibit No. 1, identified as "a showup waiver" used by the Houston Police Department and signed by the appellant, and State's Exhibit No. 2, identified as a Houston Police Department "showup sheet", were introduced into evi-

dence. When such exhibits were offered the appellant stated that he had no objection to their admission. No error is shown by the trial court's admitting these exhibits into evidence.

The judgment is affirmed.